NOT DESIGNATED FOR PUBLICATION

No. 129,098

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

STANLEY BRIAN JOWERS,
*Appellant*.

MEMORANDUM OPINION

Appeal from McPherson District Court; MICHAEL LLAMAS, judge. Submitted without oral argument. Opinion filed July 24, 2026. Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Ethan C. Zipf-Sigler*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before HILL, P.J., ISHERWOOD and BOLTON FLEMING, JJ.

PER CURIAM: In this appeal, we are asked to consider whether the district court erred in denying Stanley Brian Jowers' motion to correct an illegal sentence. Jowers was convicted of rape and sentenced to prison. At his sentencing, the district court found Jowers' criminal history score to be "B" based in part on a misdemeanor battery conviction that was aggregated with other person misdemeanors to create a person felony in Jowers' criminal history. Long after his sentencing, Jowers filed a motion to correct an illegal sentence alleging the misdemeanor battery conviction was erroneously included in

1

his criminal history because it was uncounseled. The district court denied the motion, finding that Jowers was represented by counsel in his misdemeanor battery case.

On appeal, Jowers argues that the district court erred in denying his motion to correct an illegal sentence. But we find that the district court's factual finding that Jowers was represented by counsel in his misdemeanor battery case was supported by substantial competent evidence, and we conclude that the misdemeanor battery conviction was correctly included in Jowers' criminal history calculation. Accordingly, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Stanley Brian Jowers was convicted of rape in 2002. Based on his criminal history score of "B," Jowers was sentenced to 618 months in prison. Jowers filed a direct appeal alleging trial errors. The Kansas Court of Appeals affirmed his conviction in *State v. Jowers*, No. 88,798, 2004 WL 292078, at *3 (Kan. App. 2004) (unpublished opinion).

In 2014, Jowers filed his first motion to correct an illegal sentence, alleging that his pre-1993 Kansas convictions should have been scored as nonperson offenses for criminal history purposes. Jowers' argument was based on the Kansas Supreme Court's holding in *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), *cert. denied* 577 U.S. 1090 (2016). The district court denied Jowers' motion, and the Kansas Court of Appeals affirmed the denial in *State v. Jowers*, No. 115,696, 2016 WL 7179101, at *1 (Kan. App. 2016) (unpublished opinion).

In 2021, Jowers filed a second motion to correct an illegal sentence, asserting that the misdemeanor battery conviction from McPherson Municipal Court Case No. 9952 was improperly included in his criminal history score because the conviction was uncounseled. Jowers also argued that he did not waive his right to counsel under the Sixth

2

Amendment of the United States Constitution because the waiver of counsel form he signed as part of the proceedings was invalid. The district court denied Jowers' motion, stating it was "previously addressed by this Court." Jowers filed a motion for the court to reconsider but this motion was also denied.

Jowers appealed the district court's decision to this court. An attorney was appointed, but for unknown reasons, Jowers' appeal was not pursued. Instead, nearly two years later, the same appellate attorney filed a pleading in district court entitled "Motion to Correct Illegal Sentence or in the Alternative for Reconsideration of Previously Denied Motion to Correct Illegal Sentence." The motion restated Jowers' arguments from his 2021 motion to correct an illegal sentence. The district court conducted an evidentiary hearing on the motion, and the parties jointly submitted exhibits. These exhibits included Exhibit A:  the McPherson Municipal Court "envelope docket"; Exhibit B:  the municipal court complaint; Exhibit C:  a waiver of court appointed attorney form; and Exhibit D:  an entry of appearance from attorney Stephen Hilgers. The parties also filed a joint stipulation concerning Hilgers' knowledge of the case. The parties stipulated that Hilgers could not locate any case file and had no independent recollection of representing Jowers in 1992.

At the evidentiary hearing, Jowers testified about the municipal case and claimed he was unrepresented by counsel during his trial. Jowers admitted to reading and signing a waiver of counsel form as part of the proceedings. Jowers also testified that while he hired Hilgers to represent him in the McPherson municipal case, that did not occur until after he was found guilty at trial.

At the conclusion of evidence, the district court denied Jowers' motion. The district court based its decision on the information contained in Exhibit A, the municipal docket entries, as well as Exhibit D, the entry of appearance by attorney Hilgers. The district court noted that Hilgers entered his appearance on April 22, 1992—prior to the

3

trial date of May 29, 1992. The district court also noted the final disposition of the case occurred on June 5, 1992, and that there was no notice of withdrawal from Hilgers at any time prior to final disposition. The district court held:

> "But with the paperwork that's been submitted to the Court, I have no reason to believe otherwise that he did not have counsel at that time based off of the Entry of Appearance that's been submitted, the documentation. And you know even though there is a Waiver of Court Appointed Attorney there is no date on it. That certainly could have occurred prior to Mr. Hilgers['] representation."

The district court concluded that Jowers was represented by counsel at the time of his conviction in the misdemeanor battery case and denied his motion to correct an illegal sentence.

Jowers appeals.

ANALYSIS

DID THE DISTRICT COURT ERR IN DENYING JOWERS' MOTION TO CORRECT AN ILLEGAL SENTENCE?

*Standard of Review*

The denial of a motion to correct an illegal sentence is reviewed de novo. *State v. Trotter*, 296 Kan. 898, 901, 295 P.3d 1039 (2013). Whether a prior conviction was properly classified for criminal history purposes is a question of law subject to unlimited review. *State v. Baker*, 58 Kan. App. 2d 735, 738, 475 P.3d 24 (2020).

The district court's factual findings are reviewed for substantial competent evidence and its legal conclusions are reviewed de novo. "'Substantial competent evidence is that which possesses both relevance and substance and which furnishes a

substantial basis in fact from which the issues can reasonably be resolved.' *State v. Sharp*, 289 Kan. 72, 88, 210 P.3d 590 (2009)." *State v. Kemmerly*, 319 Kan. 91, 93-94, 552 P.3d 1244 (2024).

Jowers bears the burden to show by a preponderance of the evidence that his municipal conviction was uncounseled. See *State v. Roberts*, 314 Kan. 316, 334-35, 498 P.3d 725 (2021). "If the offender later challenges such offender's criminal history, which has been previously established, the burden of proof shall shift to the offender to prove such offender's criminal history by a preponderance of the evidence." K.S.A. 21-6814(c).

*Discussion*

An illegal sentence is one that is "[i]mposed by a court without jurisdiction; that does not conform to the applicable statutory provision, either in character or punishment; or that is ambiguous with respect to the time and manner in which it is to be served at the time it is pronounced." K.S.A. 22-3504(c)(1).

Here, Jowers argues that his sentence was illegal because it was based on an incorrect criminal history score. The parties agree that at the time Jowers was sentenced for the crime of rape in 2002, his criminal history score was "B" due in part to the aggregation of three person misdemeanors—including the municipal battery conviction at issue here. Jowers' argument on appeal is that the municipal battery conviction was improperly included in calculating his criminal history because it occurred in violation of his right to counsel under the Sixth Amendment. "The Sixth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, guarantees criminal defendants the right to assistance of legal counsel during all critical stages of a criminal proceeding." *State v. Trass*, 319 Kan. 525, 536, 556 P.3d 476 (2024).

Neither party disputes that Jowers was entitled to legal counsel in his municipal battery case. Jowers maintains that his right to counsel was violated because he was not represented by an attorney during his bench trial and did not waive that right. Jowers is correct that if his municipal conviction occurred in violation of his Sixth Amendment right to counsel, it could not be used to calculate his criminal history score. See *State v. Long*, 43 Kan. App. 2d 328, 338, 225 P.3d 754, 760 (2010) (holding "misdemeanor battery convictions were obtained in violation of [Long's] Sixth Amendment right to counsel and should not have been scored in his criminal history"). And, "[i]f the history score is incorrect, it follows that his resulting sentence cannot conform with the statutory provision in the term of the punishment authorized (*State v. LaBelle*, 290 Kan. at 532), and, consequently, is an illegal sentence." *State v. Neal*, 292 Kan. 625, 631, 258 P.3d 365 (2011).

We turn then to the district court's factual findings as to whether Jowers was represented by counsel in his municipal case. We note that as is typical in municipal proceedings, there was no record of the trial in Jowers' misdemeanor case. Instead, the district court considered the evidence before it, beginning with the complaint filed against Jowers on April 16, 1992 (Exhibit B). It noted that Exhibit D was an entry of appearance and plea of not guilty entered by attorney Stephen Hilgers on behalf of Jowers on April 22, 1992. Exhibit A, the court docket sheet, reflects that Jowers was found guilty on May 29, 1992, and that final disposition in the case occurred on June 5, 1992. As the district court pointed out, there was no evidence in any of the exhibits jointly admitted by the parties that Hilgers withdrew from the case prior to final disposition. The district court also considered Jowers' testimony that he represented himself during the bench trial but did not find that testimony credible. The district court instead relied on the documents from the court file to determine Jowers was represented by counsel during the case.

Jowers points out that there is contradictory evidence in Exhibit A, namely, that the back of the docket envelope contains a marked checkbox for "attorney" and another

marked checkbox for "waived." And Jowers notes that an undated waiver of counsel form was also filed in the case, which raises the question of whether Jowers was actually represented by an attorney or whether he attempted to waive that right. But as the district court noted, it is certainly possible that Jowers first signed the waiver form only to retain Hilgers soon after, who entered his appearance in the case prior to trial. The language of the waiver form supports this theory, as it states, "I do not wish to have an attorney appointed by the Court but wish to retain an attorney on my own or to present my own defense and arguments to the Court."

Ultimately, the district court held, "I'm going to go ahead and find that he did have counsel." In considering whether substantial competent evidence supports the factual findings of the district court, "an appellate court must not weigh conflicting evidence, pass on the credibility of witnesses, or redetermine questions of fact." *Granados v. Wilson*, 317 Kan. 34, 41, 523 P.3d 501 (2023). Substantial competent evidence is legal and relevant evidence that a reasonable person could accept as being adequate to support a conclusion. *State v. Smith*, 312 Kan. 876, 887, 482 P.3d 586 (2021). Based on the facts before the district court, there was substantial competent evidence to support the district court's finding that Hilgers represented Jowers during his municipal battery case.

We also find that on appeal, Jowers does not challenge the district court's factual finding that he was represented by counsel and only raises the validity of his waiver of counsel in the municipal case. An issue not briefed is deemed waived or abandoned. *State v. Davis*, 313 Kan. 244, 248, 485 P.3d 174 (2021). After finding that Jowers was represented by Hilgers, the district court also reached the correct legal decision in denying Jowers' motion to correct an illegal sentence because the misdemeanor battery conviction was correctly included in his criminal history.

Finally, we note that much of Jowers' appeal is devoted to his argument that his waiver of the right to counsel was not sufficient under the Sixth Amendment. But we

7

need not reach Jowers' waiver argument because we have already found the basis for the district court's decision rested in the fact that Jowers was actually represented by counsel, rendering his waiver arguments moot.

The district court did not err in denying Jowers' motion to correct an illegal sentence.

Affirmed.